This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38819**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RICKY R. SENA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals his convictions for escape from jail, conspiracy to commit escape from jail, escape from the custody of a police officer, aggravated assault upon a police officer (deadly weapon), and felon in possession of a firearm. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**     Defendant's memorandum in opposition continues to challenge the sufficiency of the evidence to support his convictions for escape from jail, conspiracy to commit

escape from jail, escape from the custody of a police officer, aggravated assault upon a police officer (deadly weapon), and felon in possession of a firearm.

{3}     When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

{4}     The elements of the five challenged convictions are set forth in the jury instructions. [RP 458-463] Our calendar notice proposed to hold that the State presented sufficient evidence to support these elements, and Defendant's memorandum in opposition does not point out any errors in fact or law in our notice. Specifically, Defendant was one of three inmates who escaped from the Curry County Adult Detention Center by walking out of an unlocked door. [MIO 1; RP 403-05] The State introduced a videotape of the escape, as well as testimony that the locked door had been electronically opened by a jail employee, who joined up with the three men after the escape. [DS 5-6; RP 406-07] A swat team was dispatched to a residence where the three men were believed to be hiding, with one of the officers testifying that Defendant pointed a gun at him. [MIO 2; RP 409-411] An officer who transported Defendant back to jail testified that Defendant attempted to remove his handcuffs during transport. [MIO 7; RP 412-13] There was no dispute that Defendant was a felon at the time he was observed in possession of a firearm. [MIO 3] Based on this evidence, our notice proposed to affirm.

{5}     In his memorandum in opposition, Defendant does not dispute the factual basis for the escape charge. [MIO 5] With respect to conspiracy, Defendant states that the jury had to rely on circumstantial evidence, and that the evidence did not establish that there was an agreement. [MIO 6-8] However, the fact-finder could reasonably infer that circumstantial evidence indicated that Defendant conspired with his fellow escapees to leave the facility with the help of the corrections officer who opened the door. [MIO 1] *See State v. Trujillo*, 2002-NMSC-005, ¶ 62, 131 N.M. 709, 42 P.3d 814 ("The agreement [necessary to establish conspiracy] may be established by circumstantial evidence."). Circumstantial evidence of intent also existed with respect to the escape from custody conviction, in that the jury could reasonably infer that Defendant's actions relating to the handcuffs amounted to an attempt to escape. [MIO 8-9; RP 460] Finally, Defendant's arguments challenging his assault and felon in possession convictions are based on alleged insufficient evidence that he was the individual who pointed the gun at the officer. [MIO 10-11] Because the officer identified Defendant as this individual, we

defer to the jury's credibility determination on this matter. *See State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 ("As a reviewing court we do not sit as a trier of fact; the [factfinder] is in the best position to resolve questions of fact and to evaluate the credibility of witnesses.").

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**